## In re BRILL.
### No. 34115—RJ.

District Court, S. D. California, Central Division.

July 10, 1939.

Surr & Hellyer, of San Bernardino, Cal., for Fontana Citrus Ass'n.

Guthrie & Curtis, of San Bernardino, Cal., for Rialto Fruit Co.

Lowell E. Bartlett, of Ontario, Cal., for debtor.

Fred Duffy, U. S. Conciliation Commissioner, of San Bernardino, Cal.

JAMES, District Judge.

Petition has been presented by Fontana Citrus Association, a marketing concern, asking that the Conciliation Commissioner of San Bernardino County and Rialto Fruit Company be restrained from disposing of a certain crop of Valencia oranges now on the trees on the land of the debtor; and, further, that before said crop is sold a hearing be had before the Commissioner to determine by whom said sale shall be made. The debtor is the owner of one hundred and twenty-five acres of ground planted to different varieties of citrus fruit. Early in March of 1939 he was indebted to Fontana Citrus Association in the sum of approximately $22,439, as a past due debt. At that time he executed in favor of the creditor named a chattel and crop mortgage covering crops and farm utensils on his property. This mortgage gave the right to the mortgagee to harvest the crops and apply the proceeds toward the payment of the debt of the mortgagor, and which right would continue for a period of five years. On May 10, 1939, the Conciliation Commissioner made his order in the following form: "Above named debtor, having applied to this Court for an order authorizing said debtor to market his citrus fruit, now on trees, referring to 1938–39 crop, and good cause appearing therefor, it is ordered, adjudged and decreed, that said debtor, William Brill, be and he is authorized to market said fruit through Rialto Fruit Company, of Rialto, California, Dated June 20th, 1939." This order was made ex parte without notice to the Fontana Citrus Association, mortgagee.

The particular complaint made by the petitioner here is that it could not be deprived of its right under its chattel mortgage to harvest and market the citrus crop; second, that it was entitled to notice and a hearing before the Commissioner in any event before such order was made.

■ I have no doubt, where bankruptcy proceedings have been commenced, that a party holding a contract to sell property of the debtor may be deprived of that right (executory), retaining a claim for such damages as he may have suffered, if any can be properly shown. I am of the opinion that, except in the exceptional case of perishable property, which makes it impracticable to give any notice, the contracting party is entitled to appear and make a showing. It does not appear here that it was impracticable to give notice or that any was given, or that any evidence was heard by the Commissioner. His order simply recites that at the request of the debtor he changes the marketing agency for the citrus crop. Where time permits, creditors undoubtedly have the right to be heard before an order of sale, general in its terms and covering an entire crop, is made. After such a hearing the Commissioner may adhere to his order as beforementioned, but that order should recite the facts supporting it. It appears here that lien rights of the Citrus Association may be called into question because of the making of the mortgage so close to the time of the commencement of the debtor's proceeding and covering his past due debts. In that situation, even though it were determined that the Citrus Association could be ·used to accomplish sales with more profit to the debtor, it should be provided that the net proceeds from such sale should be kept within the control of the Commissioner until the question is determined as to whether the Citrus Association was a general creditor only, rather than a secured creditor. And so, also, if the sale of the crop is accomplished through other agencies, the net proceeds should be retained under the Commissioner's control and that of the court until lien rights are determined.

■ ■ It appears that several hundred boxes of the fruit are now in the packing house of the Rialto Fruit Company, and if a condition of emergency exists as to that fruit, the Commissioner would be authorized to allow the Rialto Company to immediately and forthwith market the same and ·make its return to his court. From all that I was able to learn at the hearing and from the documents filed, a few days' delay will not result in any material damage to the unpicked fruit. Nevertheless, the hearing should be on very short notice. All conditions considered, it is therefore ordered:

That the Commissioner give not less than four days' notice in writing by mail of a hearing to determine the most profitable sales outlet for the remaining portion of the crop. This notice to be given to all parties here appearing, including the Rialto Fruit Company and any other prospective buyers who are known to the Commissioner and who might make advantageous offers for the crop. On such. hearing being had, the Commissioner is authorized to make his order in accordance with the advice given herein and cause the crop to be marketed as speedily as is practicable. All rights will be reserved in any party claiming to have been ·legally damaged.